134 183
64a 562

JACOB B. KING

*v.*

MARTHA A. COOPER.

*Filed at Ottawa June 12, 1890.*

1. CHANCERY—*cross-bill—whether necessary.* While no affirmative relief can be granted on answer, yet the court may require the complainant to do equity as a condition to relief, without a cross-bill.

2. CONTRACTS—*sale of land—rights and duties of parties are mutual and concurrent.* Where the notes given for the unpaid price of land sold are due, and no deed has been made, and both parties to the contract are in default, their rights and duties will be mutual and concurrent. The vendor will not be required to make a deed without payment of the notes, nor the purchaser to pay the notes without the execution or tender of a proper deed.

3. The vendor of land can not rescind the sale for the non-payment of an unpaid portion of the purchase money, and retain the money already paid and the improvements put upon the premises, without first tendering to the purchaser a deed properly executed, and making an offer to cancel and surrender his unpaid notes; but the court is not prepared to hold that the vendor shall also refund the money voluntarily paid on the purchase.

APPEAL from the Circuit Court of Henderson county; the Hon. JOHN J. GLENN, Judge, presiding.

Mr. A. M. ANTROBUS, and Mr. R. COOPER, for the appellant:

It is a well settled doctrine of the courts, that a parol partition of lands between tenants in common, carried into effect and consummated by possession taken by each of the shares so allotted, will be valid and binding. *Shepard* v. *Rinks,* 78 Ill. 188; *Grimes* v. *Butts,* 65 id. 347; *Gage* v. *Bissell,* 119 id. 305; *Bruce* v. *Osgood,* 113 Ind. 360.

In tenancy in common the titles are distinct, but there is a unity of possession, and the object of partition is to ascertain the separate possession of each. *Shepard* v. *Rinks,* 78 Ill. 188.

A contract binding in equity for the sale of lands, though in fact unexecuted, is considered as performed, so that the land becomes the property of the vendee, and the purchase money that of the vendor.   Adams' Eq. 305; Pomeroy's Eq. Jur. sec. 372; *Lanquel* v. *Benitz*, 23 Pa. St. 99.

The fact of a contract being made, and the intent of it at the time, are apparent.   The appellee has a remedy at law on her notes, which she regarded as a part, and which was a part, of the original agreement.   She sought her forum to enforce the payment of the contract on appellant's part, and went through the Supreme Court of Iowa *(Cooper* v. *King,* 72 Iowa, 136,) before she became convinced that she could not obtain a judgment upon these notes (the balance of the purchase money under this bargain) until she tendered a legal deed for her interest.

Messrs. KIRKPATRICK & ALEXANDER, for the appellee.

Mr. JUSTICE BAKER delivered the opinion of the Court:

This is a bill in chancery, for partition, filed by Martha A. Cooper, against appellant and others.   The bill alleges that Jacob B. King, Esther M. Hartzell, John F. King and the complainant were the owners of 240 acres of land, (describing it,) which they derived in equal pórtions under the will of their father, duly probated; that Jacob B. King had purchased the interests of said Esther and John F., and was the owner of the undivided three-fourths, and complainant the owner of the undivided one-fourth thereof, and the other defendants were mortgagees and judgment creditors of said Jacob B.   The bill prays for partition, and for general and special relief.

The defendant, Jacob B. King, answered, admitting that the four persons named in the bill derived title as therein stated, that he purchased and owns the interests of said Esther and John F., but denying that complainant is the owner of or entitled to the one-fourth interest in said lands as tenant in

common with him, and alleging that on the 5th day of October, 1881, he purchased her interest in all of said lands for the sum of $2000, $1000 of which was paid in cash, and the balance secured by his promissory notes payable to her; that in consideration thereof she agreed to convey her entire interest in the land to him, and did make and deliver to him her deed for a specifically described 60 acres thereof, for the purpose of conveying her one-fourth interest in the whole; that she surrendered possession of the whole of the land to him, and he has ever since been in possession, and has made lasting and permanent improvements thereon. He denies the right of complainant to equitable relief.

Replication was filed, and the cause heard on pleadings and proofs. No good purpose would be served by an extended discussion of the proofs. It is sufficient to say that the evidence sustains the allegations of the answer. Appellant testifies to the contract set up in the answer, and shows that the deed from Mrs. Cooper was taken for 60 acres of the land, by description, and a like deed from Mrs. Hartzell, for another 60 acres, and also a like deed from John King, for still another 60 acres; that said deeds were made with the understanding that they would convey the undivided interests of the grantors to appellant in all said lands. The testimony of appellant, coupled with the letters of Mrs. Cooper, put in evidence, clearly shows that the purchase was of her interest in the 240 acres of land. Mrs. Cooper does not testify or offer any testimony in contradiction. It seems that said Esther and John F. subsequently conveyed their interests in all the lands to appellant. The court decreed that Mrs. Cooper was seized, as tenant in common with appellant, of an undivided one-fourth interest in the 180 acres not included in her deed to appellant, and ordered partition accordingly.

It is said, in argument, that no effect can be given to the matters set up in the answer, for the reason that relief could be granted only upon cross-bill. This is a misapprehension.

No affirmative relief could be granted upon the answer. But Mrs. Cooper, having come into equity demanding partition of these lands, would not, although possessed of the legal title, be permitted to reclaim the land and also retain the consideration paid for it. Seeking equity, she must do equity; and it would be manifestly unjust for her to recover her interest in these lands without at least a surrender and cancellation of appellant's notes given for the purchase of such interest.

It appears from the evidence that three notes were given for the unpaid purchase money of her interest in the land,—one for $400, and two for $300 each, payable in one, two and three years after date, with eight per cent interest. These notes remain unpaid, and while Mrs. Cooper is required to do equity, she is not required to submit to inequitable terms or conditions. It is very clear that both parties are in default. It appears that in December, 1884, Mrs. Cooper brought suit upon these notes in Iowa. The defendant there set up the purchase of her interest in said lands, and that the consideration of the notes had failed, and also, in the same proceeding, filed a cross-petition, setting up the agreement to convey all her interest, the conveyance of the 60 acres, and asking that she be required to convey her interest in the residue. Mrs. Cooper answered the cross-petition, denying that appellant had purchased any interest in her lands other than that described in her deed, and claiming that she had fully performed her contract, etc. Here was a clear attempt on her part to repudiate her agreement. The notes having become due, the rights and duties of the parties were mutual and concurrent. She could not be required to make a deed without payment of the notes, nor he to pay the notes without the execution of a proper deed. While we are not prepared to hold that she would be required to refund the money voluntarily paid by appellant on the delivery of the deed to 60 acres, equity would require, before she is permitted to rescind, and recover her interest in the lands not conveyed, upon which, in reliance upon

his purchase thereof, appellant has made lasting and permanent improvements, that she should offer to carry the contract into effect, and upon the failure of the defendant to pay the purchase money, to surrender and cancel the notes given therefor.

At the hearing, the notes were produced, and identified by appellant as the notes given for the land, and payment demanded, and the notes were then offered to be filed, "and cancelled, if paid." It does not appear affirmatively that there was at any time a tender of a deed conveying Mrs. Cooper's interest in the 180 acres of land to appellant, and, as before seen, he was not bound to pay except upon a tender of such deed and surrender of the notes. On the other hand, the notes being past due, and it appearing that appellant was insolvent, she ought not to be required to deliver the deed without payment.

We are of opinion that the court erred in decreeing partition without requiring, as a condition, that she offer to perform by tendering a deed. At least, she should have been required, as a condition to any relief, to cancel and surrender the notes. There is no question of the Statute of Frauds raised in this case, and no discussion thereof will be necessary.

The decree of the circuit court will be reversed, and the cause remanded to that court, with directions that it enter a decree that upon the tender of a quitclaim deed, properly executed and acknowledged by complainant and her husband, if she have one, conveying all her and his right, title and interest in and to said lands not before conveyed by her to appellant, as the same was vested in her on the 5th day of October, 1881, appellant pay said notes, and the interest accrued thereon, within sixty days after such tender, and that in default of such payment, and upon the production and cancellation of said notes in open court, the complainant be decreed to be the owner in fee of the undivided one-fourth part of said 180 acres of land, as tenant in common with appellant, and that partition be made accordingly. If the complainant in the bill shall fail

to make such tender of such deed, her bill shall be dismissed; or if, after making the same, and the failure to perform by appellant, she shall fail to surrender and cancel such notes as hereinbefore directed, a decree shall be entered dismissing her bill.

*Decree reversed.*